# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Stephen Haff, Private Sovereign American Citizen, Plaintiff,

v.

JAN 2 2 2016

Denver County District Court _____, Defendant.

JEFFREY P. COLWELL
CLERK

## DECLARATORY JUDGMENT COMPLAINT
## PURSUANT TO 28 U.S.C.A. § 2201

1.    Plaintiff, Stephen Haff, complains against the Defendant, Denver County District Court, as

follows:

2.    Plaintiff is a flesh and blood man and Sovereign American Citizen. He was born in the

territories of Alameda County, California. His current address is: P.O. Box 1108, Denver, Colorado

(80201).

3.    Defendant is a corporate Article I type Court of Limited Jurisdiction. Which belongs to the State

of Colorado and was organized and exists under the laws of the State of Colorado. The Defendant's

address is: 1437 Bannock Street-Room 256, Denver, Colorado (80202).

4.    This is a suit for Declaratory Judgment against the Defendant for depriving the Plaintiff of his

Constitutional rights to Life and Liberty without Due Process of Law. This court has original

jurisdiction pursuant to, 28 U.S.C.A. § 1331 because this action arises under the Constitution and laws

of the United States and pursuant to the Declaratory Judgment Act, 28 U.S.C.A. § 2201. Venue in this

judicial district is proper pursuant to 28 U.S.C.A. § 1391(b)(1) because the Defendant resides in this

judicial district.

5.      Defendant claims that it possesses subject matter jurisdiction over the underlying actual case

titled: THE PEOPLE OF THE STATE OF COLORADO v. STEPHEN HAFF, Case Number

15CR00242; and personal jurisdiction over the Plaintiff, and thus has the lawful and constitutional right

to deprive the Plaintiff of his Life and Liberty by causing the Plaintiff's imprisonment. In the custody of

the Denver County Sheriff.

6.      Plaintiff asserts that the Defendant does not have subject matter jurisdiction over the underlying

case (THE PEOPLE OF THE STATE OF COLORADO v. STEPHEN HAFF, Case Number

15CR00242) and personal jurisdiction over the Plaintiff and thus does not have the lawful and

Constitutional right to deprive the Plaintiff of his Life and Liberty. Creating a justiciable controversy

that is depriving the Plaintiff his Constitutional Rights to Due Process, Life and Liberty, secured in the

6th and 14th Amendments of the Constitution for the United States.

7.      The Plaintiff avers the following:

8.      For a fact, the Plaintiff is not a member or affiliated in any way with the body politic called, the

State of Colorado and is thus not subject to the State of Colorado's Statutes, codified within the

Colorado Revised Statutes. However, it is the State of Colorado's contention for bringing the

underlying case (THE PEOPLE OF THE STATE OF COLORADO v. STEPHEN HAFF, Case Number

15CR00242) that the Plaintiff has violated those statutes belonging to the State of Colorado. Which is

lawfully impossible for the Plaintiff to do. Therefore, the Defendant lacks jurisdiction over the subject

matter of the underlying case and personal jurisdiction over the Plaintiff. Thus Unconstitutionally depriving the Plaintiff of his rights to Life and Liberty without Due Process of Law.

9.     For a fact, in the underlying case the State of Colorado has not alleged that the State has (1) suffered an injury in-fact (2) to a legally protected interest. Which would hypothetically vest the Defendant with jurisdiction over the matter. The State of Colorado thus lacks the constitutionally requisite legal standing to bring the underlying case. Accordingly, the Defendant lacks subject matter jurisdiction over the underlying case and personal jurisdiction over the Plaintiff. Thus Unconstitutionally depriving the Plaintiff of his rights to Life and Liberty without Due Process of Law.

10.    For a fact, the Defendant is a type of legislatively created, statutory Article I court of limited jurisdiction. The Plaintiff is not a subject of the State of Colorado's legislature or the statutes belonging to the State of Colorado. Nor has the Plaintiff had significant interaction with the State of Colorado The Defendant therefore lacks personal jurisdiction over the Plaintiff and is thus Unconstitutionally depriving the Plaintiff of his rights to Life and Liberty without Due Process of Law.

11.    For a fact, *Article III, Section 2, Clause 2., of the Constitution for the United States* says, "**In all Cases**, affecting Ambassadors, other public Ministers and Consuls, and those **in which a State shall be Party, the Supreme Court shall have original jurisdiction**". (emphasis mine) This constitutional provision prohibits the Defendant from exerting jurisdiction over the case and parties because the State of Colorado is the Plaintiff in the underlying case and the Defendant is not the Supreme Court.

12.    For a fact, the parties in the underlying case are the State of Colorado (Plaintiff) and STEPHEN HAFF (Defendant). (THE PEOPLE OF THE STATE OF COLORADO v. STEPHEN HAFF, Case

Number 15CR00242), STEPHEN HAFF is an artificial person and the true nature of the case is

commercial. Although called a "criminal case", the State of Colorado is actually charging that artificial

person/Defendant with a fictitious debt obligation because it is alleged that the Plaintiff, Stephen Haff,

(Private flesh and blood Sovereign American Citizen) in this action violated the "criminal statutes"

belonging to the State of Colorado. The Defendant has refused to "inform(ed) (the Plaintiff, Stephen

Haff) of the (true commercial) nature and cause of the accusation." In violation of the 5th Amendment of

the Constitution for the United States. Thus depriving the Plaintiff his Constitutional rights to Life and

Liberty without Due Process of Law.


13.     Wherefore the Plaintiff, Stephen Haff, respectfully demands;


A.      For a declaration and judgement, that the Plaintiff, Stephen Haff, is not liable and/or subject

under the State of Colorado's statutes and thus cannot lawfully violate the same. That the Defendant

therefore lacks subject matter jurisdiction over the underlying case (THE PEOPLE OF THE STATE OF

COLORADO v. STEPHEN HAFF, Case Number 15CR00242)  and personal jurisdiction over the

Plaintiff, Stephen Haff. That the Defendant is therefore is depriving the Plaintiff, Stephen Haff, his

Constitutional rights to Life and Liberty without Due Process of Law.


B.      For a declaration and judgement, that the State of Colorado has not alleged it has (1) suffered an

injury in-fact (2) to a legally protected interest in the underlying case (THE PEOPLE OF THE STATE

OF COLORADO v. STEPHEN HAFF, Case Number 15CR00242). That the Defendant therefore lacks

jurisdiction over the subject matter and person of the Plaintiff. That the Defendant is therefore is

depriving the Plaintiff, Stephen Haff, his Constitutional rights to Life and Liberty without Due Process

of Law.

C.     For a declaration and judgment, that the Defendant is a type of legislatively created, statutory Article I court of limited jurisdiction. That the Defendant lacks personal jurisdiction over the Plaintiff, Stephen Haff, in the underlying case (THE PEOPLE OF THE STATE OF COLORADO v. STEPHEN HAFF, Case Number 15CR00242). That the Defendant is therefore is depriving the Plaintiff, Stephen Haff, his Constitutional rights to Life and Liberty without Due Process of Law.

D.     For a declaration and judgment, that *Article III, Section 2, Clause 2., of the Constitution for the United States,* specifically prohibits the Defendant from exerting jurisdiction over the underlying case (THE PEOPLE OF THE STATE OF COLORADO v. STEPHEN HAFF, Case Number 15CR00242) because the State of Colorado is the Plaintiff in that case and the Defendant in this action is not the Supreme Court. That the Defendant is therefore is depriving the Plaintiff, Stephen Haff, his Constitutional rights to Life and Liberty without Due Process of Law.

E.     For a declaration and judgment, that the underlying case (THE PEOPLE OF THE STATE OF COLORADO v. STEPHEN HAFF, Case Number 15CR00242) is a commercial matter. That the Defendant is violating the Plaintiff, Stephen Haff's 5th Amendment "right to be informed of the (true commercial) nature and cause of the accusation". That the Defendant is therefore is depriving the Plaintiff, Stephen Haff, his Constitutional rights to Life and Liberty without Due Process of Law.

F.     For a declaration and judgment, that the Defendant is causing the Plaintiff to be imprisoned in the custody of the Denver County Sheriff as a result of the underlying case. To which the Defendant lacks both subject matter and personal jurisdiction. Unconstitutionally depriving the Plaintiff, Stephen Haff, his rights to Life and Liberty without Due Process of Law.

G.     For an injunction, preliminarily and permanently, restraining and prohibiting the Defendant

from exerting jurisdiction over the underlying case (THE PEOPLE OF THE STATE OF COLORADO

v. STEPHEN HAFF, Case Number 15CR00242) and person of the Plaintiff, Stephen Haff.


H.      For such other and further relief as this court may deem just and proper.


## STATEMENT OF EXHAUSTION


Although this court has original jurisdiction over this civil action because the issues arise under

the Constitution and laws of the United States Pursuant to 28 U.S.C. 1331. The Plaintiff has

nevertheless exhausted all state remedies for each of the claims presented in this action. Including

petitioning the State of Colorado's highest court (Colorado Supreme Court) with a Petition for a Rule to

Show Cause Pursuant to Colorado Appellate Rule 21. To which the Colorado Supreme Court declined

to accept jurisdiction over.


## DECLARATION UNDER PENALY OF PERJURY


I declare under penalty of perjury that I am the Plaintiff in this action, that I have read and

prepared this complaint, and that the information in this complaint is true and correct. See 28 U.S.C.

1746; 18 U.S.C. 1621.


Dated: January 21st, 2016

_Stephen Haff_

Stephen Haff, Private Sovereign American Citizen
Plaintiff-Pro-Se
Without Prejudice/Out of necessity